**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

SHANNON THIEROFF,
Plaintiff,

v.

SUN LIFE ASSURANCE COMPANY
OF CANADA,
Defendant.

Civil Action No. 26-8577

## COMPLAINT

### Nature of the Action

1. Plaintiff Shannon Thieroff brings this action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B), to recover long-term disability benefits that Defendant Sun Life Assurance Company of Canada denied after April 30, 2022. The dispute concerns partial disability: whether psychiatric symptoms prevented Plaintiff from sustaining one or more material duties of her chiropractic occupation while she continued some work and experienced reduced earnings.

2. Plaintiff seeks unpaid benefits due for qualifying periods beginning May 1, 2022, including any later periods for which the governing Plan provisions and evidence establish entitlement. She also seeks enforcement and clarification of her rights to future benefits under those provisions, together with interest, reasonable attorney's fees, and costs.

### Parties Jurisdiction and Venue

3. Plaintiff is a chiropractor who performed her occupation in Pennsylvania and was insured in the chiropractor class of the workplace long-term disability arrangement funded by Sun Life group policy number 222044 (the Plan). Sun Life identified her as a covered Class 1 employee in adjudicating her claim.

4. Defendant Sun Life Assurance Company of Canada (Sun Life) is a Canadian insurance company organized under Canadian law, domiciled in Canada, and operating in the United States through a United States branch. Sun Life issued the group disability coverage, determined Plaintiff's eligibility for benefits, and undertook to pay benefits when the conditions of coverage were met.

5. Upon information and belief, the employer established and maintained the Plan to provide disability benefits to its participating employees, including at least one common-law employee other than an owner or an owner's spouse. This allegation rests on the group coverage's separate classes for eligible chiropractors and other eligible employees, the practice's employment of other staff, and booklet provisions describing LTD insurance paid entirely by the employer and beginning when an eligible employee is actively at work. The Plan is an employee welfare benefit plan within 29 U.S.C. § 1002(1), and Plaintiff is a participant within 29 U.S.C. § 1002(7).

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f). No jurisdictional amount is required.

7. This Court has personal jurisdiction over Sun Life under 29 U.S.C. § 1132(e)(2) and Federal Rule of Civil Procedure 4(k)(1)(C). Sun Life conducts extensive insurance business through its United States branch, issued the coverage at issue for a Pennsylvania workplace, and administered Plaintiff's United States disability claim. This action arises from those United States insurance activities.

8. Venue is proper in this District under 28 U.S.C. § 1391(c)(3). Sun Life is the Canadian insurer itself, a defendant not resident in the United States for purposes of that provision,

and may be sued in any judicial district. Its United States branch is part of that Canadian entity.

**Coverage and Occupational Demands**

9. Sun Life adjudicated Plaintiff's claim under group policy number 222044, claim number NTN-114437. Its decisions identify the workplace as Choice Chiropractic & Wellness Center P.C. or Restorative Chiropractic Medicine and identify Plaintiff's covered occupation as Chiropractor.

10. The partial-disability provisions applied by Sun Life require sickness- or injury-related inability to perform one or more material and substantial duties of the insured's own occupation and disability earnings below 80 percent of the applicable indexed total monthly earnings. The coverage provides a 90-day elimination period and requires appropriate continuing care and proof of continuing disability and earnings.

11. Plaintiff's chiropractic occupation required sustained concentration and clinical judgment in examining patients, diagnosing conditions, planning and providing treatment, maintaining accurate documentation, and communicating with patients. Her claim concerns limitations affecting those clinical duties, in addition to the separate business-management responsibilities she also performed.

12. Partial disability under the provisions Sun Life applied permits continued work. The existence of some patient care or billable procedures does not by itself establish the capacity to sustain every material clinical duty on the required basis.

**Disability and Supporting Evidence**

13. In late 2021, Plaintiff experienced worsening depression and anxiety associated with impaired concentration, attention, organization, pace, and tolerance for work stress. She

reduced her schedule and sought partial-disability benefits while continuing treatment and some chiropractic work.

14. Her treating providers recommended reduced hours or liberal leave. The treatment record documented improvement with reduced demands and treatment, together with renewed difficulty when she attempted full-time weeks or excessive coverage hours. Those improvements did not establish that she could sustain the full demands of her chiropractic occupation.

15. In a November 7, 2022 functional assessment, treating therapist Jennifer Costa Hutchinson, LCSW, reported that Plaintiff could not meet competitive standards for completing a normal workday and workweek without psychologically based interruptions. She rated sustained attention, consistent pace, and tolerance for ordinary work stress as seriously limited, but not precluded. The assessment preserved several basic and social capacities; Plaintiff does not contend that she was incapable of all work.

16. Costa's June 27, 2023 treating report described continuing problems with focus, attention, sleep, and difficult patient conversations, including feeling overwhelmed by the workday and patient responsibility. It reported progress in symptom management but worsening with increased stress, and continued to recommend a reduced work schedule.

17. Sun Life obtained psychiatric reviews from Barry Klegman, M.D. His May 18, 2023 documentary addendum supported partial psychiatric impairment through November 2022. In its November 29, 2023 decision, Sun Life stated that its most recent clinical review, dated August 8, 2023, supported partial clinical impairment through early 2024.

18. Sun Life also obtained financial reviews by Jeffrey Bannon, CPA. The reviews evaluated Plaintiff's salary, the disability date and earnings baseline, and conditional partial-benefit

calculations. Sun Life recognized earnings loss beginning in January 2022 and continuing through the months evaluated in 2023. The amount of benefits remained subject to the governing formulas, proof of monthly eligibility and earnings, and applicable offsets.

19. Plaintiff continued some clinical work, and portions of her practice responsibilities were performed by others. Her position is that the documented restrictions prevented her from reliably sustaining one or more material clinical duties during the qualifying periods for which benefits are sought, despite that continued activity.

**Claim Decisions and Administrative Review**

20. Sun Life initially denied the claim in February 2022. Plaintiff pursued administrative review and supplied further medical, earnings, and occupational material.

21. On November 29, 2023, Sun Life found Plaintiff partially disabled beginning January 1, 2022, recognized satisfaction of the elimination period, and approved one payable month, April 2022. Sun Life denied benefits after April 30, 2022.

22. Although it accepted partial clinical impairment and earnings loss, Sun Life relied on procedure-code and charge data as evidence of Plaintiff's functional capacity to continue chiropractic work. Sun Life distinguished her covered chiropractic occupation from management duties and viewed payments to others as principally related to management responsibilities.

23. Sun Life expressly evaluated productivity with and without code S8990 after being informed that services billed under Plaintiff's number might have been performed by another practitioner. For May 1, 2022 through September 25, 2023, it reported approximately 9 percent fewer procedure codes and 2 percent fewer charges overall. After excluding S8990, it reported approximately 10 percent fewer procedure codes.

24. Plaintiff pursued the further appeal offered by Sun Life and submitted occupational and vocational evidence and argument addressing the qualitative demands of chiropractic care, including concentration, time required to complete tasks, sustained pace, and stress tolerance.

25. The appeal included Nadine Henzes Gowarty's August 25, 2024 vocational opinion addressing the demands of chiropractic work and the effect of anxiety and depressive symptoms on task persistence and attendance. Sun Life disputed its conclusions in light of Plaintiff's continuing work and its productivity analysis.

26. On January 2, 2025, Sun Life issued its final appeal decision affirming the denial of benefits after April 30, 2022. It again acknowledged partial functional impairment and earnings reduction but concluded that Plaintiff had not shown loss of the covered chiropractic duties. It relied on the procedure and charge comparison, continuing work, the absence of demonstrated suboptimal care, and its distinction between clinical and management functions.

27. Plaintiff contends that Sun Life did not adequately apply the one-or-more-duty partial-disability standard to her documented limitations in sustaining particular clinical demands. Aggregate procedure and charge totals did not resolve the concentration, judgment, pace, documentation, patient communication, and stress limitations addressed in the treating and occupational evidence. Plaintiff maintains that the evidence supports continuing partial disability after April 30, 2022 for the qualifying periods at issue.

28. The January 2, 2025 final decision expressly stated that Plaintiff had exhausted all administrative remedies. Sun Life also stated that it would consider a lawsuit filed by January 2, 2028 timely. This action is brought within the period of that written undertaking.

## Count I
## Recovery of Benefits and Clarification of Rights
## Under 29 U.S.C. § 1132(a)(1)(B)

29. Plaintiff incorporates paragraphs 1 through 28.

30. Plaintiff was insured under the Plan when her disability began, submitted proof of her claim and supporting evidence, satisfied the elimination period, and completed the administrative appeal process.

31. Plaintiff claims that she met the applicable partial-disability conditions and is owed benefits for qualifying periods beginning May 1, 2022. Her claim includes any later periods for which the governing Plan provisions and evidence establish entitlement. Sun Life denied benefits after April 30, 2022 and maintained that denial in its final determination.

32. Sun Life controlled the benefit determination and the payment obligation challenged here. Its denial deprived Plaintiff of benefits payable under the Plan and cannot be sustained under the applicable standard of review.

33. Under 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks recovery of those unpaid benefits, enforcement of her Plan rights, and clarification of her rights to any later or future benefits. The requested relief remains subject to the governing Plan provisions, including applicable benefit formulas, offsets, duration limitations, and continuing eligibility and proof requirements.

## Request for Relief

Plaintiff requests judgment against Sun Life:

A. Awarding all unpaid long-term disability benefits due for qualifying periods beginning May 1, 2022, including any later periods supported by the governing Plan provisions and evidence, calculated under the applicable benefit formulas, offsets, and limitations;

B. Declaring and clarifying Plaintiff's rights to benefits for any continuing qualifying disability under the Plan, subject to its applicable continuing-eligibility, proof, offset, and duration provisions;

C. Alternatively, to the extent a direct award is not appropriate, remanding the relevant benefit determinations to Sun Life for a full and fair review under the governing Plan provisions consistent with the Court's judgment;

D. Awarding prejudgment interest under applicable ERISA authority and postjudgment interest under 28 U.S.C. § 1961;

E. Awarding reasonable attorney's fees and costs under 29 U.S.C. § 1132(g)(1); and

F. Granting such further relief within 29 U.S.C. § 1132(a)(1)(B) as the Court deems appropriate.

This action seeks individual Plan benefits, enforcement and clarification of Plaintiff's benefit rights, interest, fees, and costs. Plaintiff does not request a jury trial.

Respectfully submitted,

s/ Nicholas Feden

Nicholas Feden, Esq.
Pennsylvania Attorney ID No. 307902
Feden Law Group PLLC
711 West Ave., Jenkintown, PA 19046
267-234-7465 | nfeden@fedenlawgroup.com
Counsel for Plaintiff

Dated: November 9, 2026